# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-0163
Lower Tribunal No. F20-13035

————————————

**Daniel Dumond,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Daniel Dumond, in proper person.

James Uthmeier, Attorney General, for appellee.

Before SCALES, C.J., and LOGUE and LOBREE, JJ.

SCALES, C.J.

Following this Court's affirmance of Daniel Dumond's conviction and sentence, we treat Dumond's *pro se* letter as a timely petition for writ of habeas corpus asserting claims of ineffective assistance of appellate counsel. We deny the petition. <u>Rutherford v. Moore</u>, 774 So. 2d 637, 643 (Fla. 2000); <u>Phelps v. State</u>, 317 So. 3d 1207, 1209–10 (Fla. 3d DCA 2021).

Dumond was convicted after a jury trial of felony battery, among other offenses. He filed a timely notice of appeal of the final judgment of conviction and sentence through appointed appellate counsel. Appellate counsel filed an <u>Anders</u>[1] brief in this Court, asserting that it was his considered opinion that there was no basis for the appeal, that the appeal was without merit and frivolous. Upon review of the record, this Court ultimately granted appellate counsel's motion to withdraw and issued a per curiam affirmance. The Mandate issued on January 22, 2025. <u>Dumond v. State</u>, 404 So. 3d 359 (Fla. 3d DCA 2024). Dumond timely filed the instant pleading raising various claims of ineffective assistance of appellate counsel.

Claims of ineffective assistance of counsel are governed by the standards set forth in the United States Supreme Court's decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). "Appellate counsel's ineffectiveness is limited to those situations where the petitioner establishes,

---

[1] <u>Anders v. California</u>, 386 U.S. 738 (1967).

first that appellate counsel's performance was deficient because 'the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance' and second, that the petitioner was prejudiced because appellate counsel's deficiency 'compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.'" Wilson v. State, 305 So. 3d 341, 341 (Fla. 3d DCA 2020) (quoting Thompson v. State, 759 So. 2d 650, 660 (Fla. 2000)); see Davis v. State, 383 So. 3d 717, 733 (Fla. 2024).

On review of the limited record before us, we conclude Dumond's claims do not meet either of Strickland's requirements of deficient performance or resulting prejudice. Certainly, the claims Dumond raises here would have been found to be without merit had appellate counsel raised the issues on direct appeal. Rutherford, 774 So. 2d at 643.

Petition for writ of habeas corpus denied.